## Edwards *v.* Jersey Shore Area School District.

Argued December 5, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

Ambrose R. Campana, with him Campana & Campana, for appellant.

Clyde E. Carpenter, Jr., for appellee.

OPINION BY JUDGE BLATT, March 5, 1973:

On March 8, 1972, Dennis Edwards (Edwards) was suspended from school by the principal of the Jersey Shore Senior High School (School). His parents were notified of the suspension by letter dated that day, and were later advised that the School Administration had decided to expel Edwards and that a hearing would be held by the School Board if requested. Such a hearing was held, and the School Board then ordered Edwards suspended for the balance of the 1971-1972 school term. An appeal was properly filed with the Court of Common Pleas of Lycoming County pursuant to the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §11301 et seq. *McDonald v. Penn Hills Township School Board*, 7 Pa. Commonwealth Ct. 339, 298 A. 2d 612 (1972). The lower court affirmed the suspension with the condition that the School District "continue to provide the said plaintiff [Edwards] with homebound or tutorial instruction for the remainder of the school year, and that he be afforded an opportunity

to complete other academic prerequisites to advancement."

It appeared that Edwards and some other boys had returned to class late from an assembly program. The teacher then present, Mrs. Nedra Cox (Mrs. Cox), had previously experienced disciplinary problems with Edwards, and, when he and the other boys caused a commotion on their return to class, she reprimanded them. Edwards said that he then looked at Mrs. Cox with what he termed a "smile," which she considered an "insolent grin," and she ordered him to go to the principal's office. He, however, remained seated. She went back to his seat, slapped him, pulled him up and started pushing him toward the door. Edwards testified that she continued to slap him on the back of the head as she pushed him toward the door, but Mrs. Cox contended that she only slapped him once more because he was resisting her. In any case, when Mrs. Cox slapped Edwards this last time, he turned and hit her with the back of his hand. The blow was sufficient to cut the inside of her mouth and she required medical attention. Striking Mrs. Cox was the reason given for Edwards' suspension.

Our scope of review in an appeal brought pursuant to the Local Agency Law when, as here, the lower court has held a de novo hearing, is to affirm the order of that court unless we find that it is in violation of the constitutional rights of the appellant, or that the court manifestly abused its discretion or committed an error of law.

Edwards takes the position that the actions taken by Mrs. Cox amounted to an unjustifiable assault and battery and, therefore, that his [Edwards'] actions should be excused. We disagree.

The lower court found that Mrs. Cox was struck during a justified attempt on her part to remove Edwards from the classroom, and that her conduct was

within her authority as a teacher under Section 1317 of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, as amended, 24 P.S. §13-1317. That section provides: "Every teacher . . . shall have the right to exercise the same authority as to conduct and behavior over the pupils attending his school, during the time they are in attendance, including the time required in going to and from their homes, as the parents, guardians or persons in parental relation to such pupils may exercise over them." In *Guerrieri v. Tyson*, 147 Pa. Superior Ct. 239, 241, 24 A. 2d 468, 469 (1942), it was stated: "Under the delegated parental authority implied from the relationship of teacher and pupil, a teacher may inflict reasonable corporal punishment on a pupil to enforce discipline. . . ." We note that the right of teachers to inflict reasonable corporal punishment has recently been upheld in *Ware v. Estes,* 328 F. Supp. 657 (N.D. Tex. 1971), *aff'd.,* 458 F. 2d 1360 (5th Cir. 1972), *cert. denied,* U.S. , 34 L. Ed. 2d 321 (1972), and *Glaser v. Marietta,* 351 F. Supp. 555 (W.D. Pa. 1972).

We need not go deeply into the right of a teacher to use corporal punishment, however, or into the justification for the actions taken by Mrs. Cox, for Edwards, on his own part, clearly acted in a manner which made him liable to suspension.

Section 1318 of the Public School Code of 1949, 24 P.S. §13-1318, provides: "Every principal or teacher in charge of a public school may temporarily suspend any pupil on account of disobedience or misconduct, and any principal or teacher suspending any pupil shall promptly notify the district superintendent or secretary of the board of school directors. The board may, after a proper hearing, suspend such child for such time as it may determine, or may permanently expel him. Such hearings, suspension, or expulsion may be delegated to a duly authorized committee of the board." Certainly

Edwards' actions on March 8, 1972, amounted to "misconduct," and striking a teacher is clearly inexcusable conduct on the part of a pupil unless he is acting strictly in self-defense. The lower court found, and there is ample evidence on the record to support such a finding, that Edwards was not justified in striking Mrs. Cox under the circumstances here present. While the legislature has chosen to permit teachers the reasonable use of physical force in certain circumstances, it has not sanctioned the retaliatory use of physical force by a student. Nor can we. There are few, if any, actions by a student less justifiable than the striking of a teacher, and few, if any, which would constitute more appropriate grounds for suspension.

For the reasons stated above, we affirm the order of the court below.