## Kovach Appeal

*Samuel L. Rodgers,* for plaintiffs.
*Reed B. Day,* for defendants.

HANNA, *J.,* September 6, 1974—The appeal follows the action of the Peters Township School Board in expelling Edward Kovach, a minor, 13 years of age. The act of the school board, based on the findings and the adjudication of a special committee created to hear the case, expelled Edward Kovach for a period of one year and required that his readmission be dependent upon satisfactory evidence of improvement in deportment and scholastic achievement and also ordered a psychological evaluation by a psychologist provided by the school district.

This action by the board was impelled by an incident which occurred on June 4, 1974, when a fire in the gymnasium of the middle school of Peters Township caused damage in excess of $10,000. Edward Kovach was one of the persons accused of starting the fire by placing a flare on a pile of combustible matter in the building. A special committee was appointed by the president of the school board to conduct a hearing and, after proper notice, a hearing was held on July 18, 1974. The hearing

was held in two phases. The first phase was to determine whether or not Edward Kovach was guilty of misconduct; the second phase was to determine what action the committee would recommend the board take as a result of the alleged misconduct. The committee found him guilty of misconduct immediately after hearing the testimony as to the first phase, but delayed its decision as to the second phase. A report was made by the special committee to the school board and then a special meeting was held on July 29, 1974. The school board approved the action of the special committee. Mr. and Mrs. Kovach, parents of the minor, were notified on August 2, 1974, of the expulsion and of the requirements for readmission.

The thrust of the appeal is based on several grounds: (1) the special committee lacked jurisdiction to hear the matter; (2) that the special committee erred in its recommendation of expulsion; (3) that the adjudication was arbitrary and unreasonable in requiring readmission to depend on the conditions as outlined; (4) in that the adjudication was unreasonable in that it did not require the school district to continue to provide Edward Kovach with homebound tutorial instruction during the school year.

It is clear that the court must affirm the action of the board unless we find that it is in violation of the constitutional rights of the appellant, or that the board manifestly abuses its discretion or commits an error of law: Edwards v. Jersey Shore Area School District, 7 Pa. Commonwealth Ct. 636, 301 A. 2d 116 (1973). A study of the record does not reveal any abuse of discretion or error of the law that would cause the court to overturn the action of the school district.

The court finds that the special committee had jurisdiction and was properly appointed. The board of the school district may adopt reasonable rules and regulations for its government and control: Act of March 10, 1949, P.L. 30, 24 P.S. §4-407. The Public School Code of 1949, as amended, January 14, 1970, P.L. (1969) 468, 24 P.S. §13-1318, allows the hearings as to suspension or expulsion of pupils to be delegated to a duly authorized committee of the board. The fact that the committee was chosen by the president of the board and not by the school board as a whole, does not deprive the committee of jurisdiction. The president is normally charged with the duty of selecting committees. In any event, a majority of the school board members at the special meeting held July 29, 1974, approved the action of the special committee, making it the action of the school board.

The decision of the board to expel the student for a period of one year was clearly within its discretion. The Public School Code authorizes the board to expel students "on account of incorrigibility, truancy, insubordination, or other bad conduct, . . . [or] if the presence of any child attending school is detrimental to the welfare of the school. . . .": 24 P.S. §13-1338. The finding that the child committed the act of intentionally lighting and negligently placing a flare in a pile of combustible matter in a public building with knowledge that such act would result in damage was certainly proper under the facts. The further determination to expel him for his act was also proper. The act, at the least, amounts to bad conduct. It is not necessary to have a finding that attendance of the minor would be detrimental to the group. In the case of Edwards v. Jersey Shore Area School District, supra, the act for

which the child was suspended was striking a teacher; surely if that act was sufficient, the act complained of here is more than sufficient. The matter of discipline of the students, except in the case of clear abuse of discretion, must remain within the control of the school administrators and the school board. Even when the court may disagree with the specific action of the board it should not substitute its opinion for that of those persons who are involved with the child on a day-to-day basis.

The conditions attached to readmission are again within the purview of authority of the school board. The conditions here do not seem onerous although they may be somewhat vague. It will be assumed that the school district will not attempt to evade educating this child after the one-year expulsion.

It is the opinion of the school board that the duty of educating this child during the period the child is expelled is on the parents. The court is of the opinion that the school board's position is the legally correct position. The Commonwealth of Pennsylvania mandates that each child of compulsory school age must attend school. The parents may send the child to an approved private school or an approved tutorial program or other approved program, but it remains the parents' duty to see that the child attends school. If the child attends public school, he is obliged to comply with the rules and regulations of the school board. The school has the authority to expel a pupil who does not follow the rules and regulations. The Public School Code does not put any obligation on the school board to provide for the education of an expelled child; therefore the duty becomes the duty of the parents to find a proper substitute. Any other result would nullify

the use of suspension or expulsion as a method of disciplinary control.

The legal principle seems clear but admittedly the result is a very harsh one for the parents. The court is certain that the school board and the administration have sympathy for the position of the child and of the parents. It is assumed that the school administration would aid the parents in an attempt to find a suitable place to educate the child.

## ORDER

And now, September 6, 1974 the appeal is hereby dismissed with costs on plaintiff.