Workmen's Compensation Appeal Board, Jordan Paint Factory and Nationwide Mutual Insurance Company *v.* Sylvia Gutman, Widow of Bernard Gutman, Deceased, Appellant.

Argued January 9, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Richard A. Gutman,* with him *Gutman and McAllister,* for appellant.

*Donald S. Himmelreich,* with him *Teel, Stettz, Shimer & DiGiacomo,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, February 3, 1976:

This is an appeal from a decision and order of the Workmen's Compensation Appeal Board which affirmed

a referee's denial of benefits sought by a Fatal Claim Petition of a workman's widow.

Bernard Gutman died on April 12, 1972 as a result of thrombophlebitis developing after an operation for the repair of an inguinal hernia on April 4, 1972. His widow thereafter filed a Fatal Claim Petition for death benefits under the Workmen's Compensation Act[1], alleging that the hernia was caused by an employment-related accident occurring in March or April, 1970. A referee, after two hearings, denied benefits and his decision was affirmed by the Workmen's Compensation Appeal Board. The widow-claimant has appealed, saying that the case should be remanded to the referee for further findings of fact because the existing findings are inadequate for purposes of appellate review under the cases. *Page's Department Store v. Velardi,*         Pa.     , 346 A.2d 556 (1975) ; *Joseph Horne Company v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 419, 327 A.2d 395 (1974) ; *Greene v. Marger, Inc.,* 12 Pa. Commonwealth Ct. 423, 317 A.2d 358 (1974).

The referee's findings were as follows:

"1. The claimant has failed to prove the decedent, her husband, suffered a compensable injury in 'March or April, 1970.'

"2. The Claim Petition of the decedent was filed with the Bureau on 6 March 1973, substantially beyond the statute of limitations in effect at the time of the alleged accident.

"3. The claimant died on 12 April 1972.

"4. The claimant never filed any Claim Petition seeking, nor did he receive, Workmen's Compensation during his lifetime."

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411 et seq.

The widow-claimant testified on January 30, 1974 that her husband, upon arriving home from his work as manager of his employer's store at about 5:30 o'clock P.M. on a day in March or April of 1970, appeared to her to look unwell. She inquired as to his condition and he told her that while unloading carpeting, tile or linoleum he had slipped and fallen and had felt "something pull." She further testified that her husband rested for awhile and returned to his place of employment. The employer's counsel objected to this testimony as hearsay. Claimant's counsel contended that it was admissible under the exception for res gestae declarations. The referee permitted the testimony to be recorded subject to a later ruling on its admissibility.

The claimant's medical witness testified that the decedent consulted him about two or three weeks before he, the witness, directed the decedent to see a specialist.[2] The doctor testified that the decedent complained of abdominal pain and that he "related a history of lifting some heavy material, a load of material. Now, whether it was rugs or linoleum or whatever it was, isn't part of his profession, and he said he experienced pain and had experienced pain since that time. He experienced pain at the time of incident and the pain had persisted." This testimony was also objected to as hearsay but was admitted by the referee as within the exception for information given a physician for diagnosis and treatment. It is to be noted that the history does not include information as to when the lifting incident occurred.

At the conclusion of the hearings the referee advised counsel that the case presented two issues, the first as to the admissibility of testimony, and the second the presently immaterial issue of the Statute of Limitations.

---

2. This would place this consultation in late April or early May of 1970 because the widow testified that her husband saw the specialist in May 1970.

Since the issue of the admissibility of evidence is purely one of law, we may and should determine it. The case of *Cody v. S.K.F. Industries, Inc.*, 447 Pa. 558, 291 A.2d 772 (1972), is strikingly similar to this on the facts. There, our Supreme Court, affirming our holding at 2 Pa. Commonwealth Ct. 19, 275 A.2d 907 (1971), held that the claimant-widow's testimony was not admissible as res gestae, but the physician's testimony was admissible as necessary and proper for a diagnosis and treatment.

Our problem is that the referee's decision contains only the bare finding that the claimant failed to prove a compensable injury in March or April 1970; it includes no discussion and the only conclusion of law is a reiteration of the finding of failure of proof. Even should we assume that the referee properly disregarded the widow's testimony, there remained the doctor's evidence that the decedent visited him and related a history of a work-related incident which in his opinion caused the hernia. We do not know whether the referee disregarded this testimony because he believed it to be inadmissible, which it was not, or whether he simply disbelieved it, which it was within his power to do, or whether he considered it insufficient because it did not include any date for the lifting incident.[3]

ORDER

AND NOW, this 3rd day of February, 1976, we remand the record to the Workmen's Compensation Appeal Board with directions that the referee render a decision including findings, conclusions and discussion giving the basis for his finding (and conclusion) that no compensable injury was proved to have been sustained.

---

3. *See Hinkle v. H. J. Heinz Company*, Pa. , , 337 A.2d 907, 910 (1975): "The right of a claimant to compensation should not be barred because he cannot definitely fix the date of the accident resulting in his disability, either because he cannot remember the precise time when the accident occurred. . . ."