## Rudi v. Big Beaver Falls Area School District

*Rex Downie, Jr.*, for appellants.
*Frank C. Lewis*, for appellee.

KLEIN, *J.*, March 23, 1976—On the evening of December 31, 1975, five juveniles, the two minor plaintiffs among them, broke into the Thirty-seventh Street School Building in Beaver Falls, Pa., and caused damage in the amount of $1,034. These plaintiffs underwent 10-day in-school suspension from classes. On February 9, 1976, a school board meeting was held, at which time plaintiffs admitted their guilt. The board voted in favor of expulsion from school, with leave to reapply for admission in August of 1976.

On March 10, 1976, plaintiffs filed a complaint in

equity seeking to enjoin defendant, Big Beaver Falls Area School District, from further excluding plaintiffs from school attendance and directing their reinstatement to classes. Plaintiffs fully agree that under the Act of March 10, 1949, P.L. 30, 24 P.S. §13-1318, a school board has discretionary power to suspend or expel a student after a proper hearing for misconduct. It is their contention, however, that since the involved conduct occurred during a total school recess, it had no discernible impact on the instructional process and it was, therefore, an abuse of discretion to impose such expulsion.

It is apparent that when misconduct occurs in the classroom, expulsion, whether permanent or for a set period, is not an abuse of discretion: Edwards v. Jersey Shore Area School District, 7 Pa. Commonwealth Ct. 636, 301 A. 2d 116 (1973); Hollenbach v. Elizabethtown School District, 18 D. & C. 2d 196 (1958). Even where marijuana was found in a corridor of a school building, the 43-day suspension of a student was upheld: Landis v. Dallastown Area School District, 61 D. & C. 2d 649 (1973). In the instant case, however, the vandalism occurred during Christmas vacation, when the instructional process was not in session.

In Francis, Pennsylvania School Law, Vol. I, §121.03 (1975), it is stated:

"Generally, it may be said that a pupil guilty of insubordination or misconduct subversive of the discipline of a school may be suspended or expelled assuming that the rule or regulation which was transgressed was reasonable; and this power of suspension applies not only to acts done in the school, *but to offenses committed outside of school hours, and not in the presence of teachers, if such*

*offenses have a direct and immediate tendency to influence the conduct of other pupils while in the schoolroom, to set at naught the proper discipline of the school, or impair the authority of the teachers. . . ."* (Emphasis supplied.)

This policy is also expressed in In re Feuchtenberger, 24 Cumb. 31 (1973). There, the court stated that rules and regulations governing the conduct of students are adopted to avoid interference with the educational process and to protect the health, safety and welfare of the students. The question then becomes whether the conduct of plaintiffs contravenes this policy.

Plaintiffs vandalized the Thirty-seventh Street School Building during Christmas recess. They do not attend such school and, therefore, their presence in their own school would not influence students in that school. Plaintiffs have already undergone 40 days suspension from classes. It can hardly be said that reinstating them after such a suspension, will influence the conduct of other pupils while in the classroom or impair discipline.

While the precise issue in question has not been decided in Pennsylvania, this court feels that plaintiffs' conduct was not so disruptive as to warrant the imposed expulsion. To impose such a punishment was an abuse of discretion.

## ORDER

And now, March 23, 1976, it is hereby ordered, adjudged and decreed that plaintiffs, Robert Rudi and John Weatherly, be reinstated to classes and that defendant, Big Beaver Falls Area School District, be enjoined from further excluding said plaintiffs from attendance based on their conduct occurring on December 31, 1975.