McKeesport Area School District Board of Directors, Appellant *v.* Tressa Collins, a minor, by her mother, Elaine Collins, Appellee.

Submitted on briefs, November 19, 1980, to Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Robert P. Costello*, with him *Gary J. Gushard*, for appellant.

*Richard E. Gordon*, with him *David J. Heinlein*, for appellee.

OPINION BY JUDGE ROGERS, December 23, 1980:

The McKeesport Area School District Board of Directors (Board) has appealed from an order of the Court of Common Pleas of Allegheny County modifying the duration of Tressa Collins' expulsion from the McKeesport Area Senior High School. We affirm.

On November 22, 1978, Tressa Collins having just been suspended for three days from the McKeesport Area Senior High School for not attending classes entered the McKeesport Junior High School without authorization. While there, Ms. Collins became involved with a teacher who found her writing on a washroom wall and this culminated in her assaulting the teacher. The Board ordered Ms. Collins expelled from school for the remainder of the 1978-79 school year. Ms. Collins appealed the Board's action to the court below, which heard the appeal de novo. At the hearing the court modified the Board's action to provide that Ms. Collins be suspended until March 1, 1979 and thereafter be reinstated for the balance of the 1978-79 school year.

The Board contends that the lower court's modification of the Board's decision was an abuse of its discretion.[1] No record was made of the School Board's proceedings. If a full and complete record of

---

[1] It is argued in Ms. Collins' behalf that the matter is moot because Ms. Collins was reinstated in school on March 1, 1979 and completed the 1978-79 school year. We may decide cases with sub-

these proceedings had been made, the court on appeal would have been required simply to affirm the Board's order unless it found the adjudication to be in violation of Ms. Collins' constitutional rights, that the Board's proceedings violated statutory requirements or a necessary finding was not supported by substantial evidence. Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b). *See Appeal of Marple Newtown School District*, 27 Pa. Commonwealth Ct. 588, 367 A.2d 399 (1976). Since here there was no record of the Board's proceedings, the court was empowered to, and did hold a hearing de novo. Section 754(a) of the Local Agency Law, 2 Pa. C. S. §754(a). The result is, of course, that discretion with respect to the penalty was then vested in the court and that discretion was as broad as the Board's.

The hearing judge's discretion was not arbitrarily exercised. He noted that Ms. Collins did not have a history of troublemaking, that she had passed her courses and wanted to return to school; and that she had an occupational goal which might be impeded by losing the whole year. While we might have decided otherwise, we cannot say that the court abused a sound discretion in modifying the Board's order.[2]

Order affirmed.

---

stantial questions, otherwise moot, which are capable of repetition unless settled. *Colonial Gardens Nursing Homes, Inc. v. Bachman*, 473 Pa. 56, 59, 373 A.2d 748, 750 (1977).

[2] The Board cites *Edwards v. Jersey Shore Area School District*, 7 Pa. Commonwealth Ct. 636, 301 A.2d 116 (1973), for the proposition that its expulsion of Ms. Collins from December 8 until the end of the school year is under Pennsylvania law the correct penalty for striking a teacher. In *Edwards*, we affirmed a lower court's order suspending a student from March 8 until the end of the school year for such conduct. Not only was the duration of expulsion properly imposed here longer than that imposed in *Edwards, supra,* our opinion in that case clearly says that the penalty must be reviewed in the light of all the circumstances.

ORDER

AND Now, this 23rd day of December, 1980, the order of the Court of Common Pleas of Allegheny County, No. SA-112, 1979, is affirmed.