594

William J. Foley, Appellant *v.* Civil Service Commission of the City of Philadelphia, Appellee.

Argued October 9, 1980, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Gilbert B. Abramson, Abramson and Freedman,* for appellant.

*Judith N. Dean,* Deputy, Appeals Division, with her *Gayle R. Smith,* Assistant City Solicitor, and *Alan J. Davis,* City Solicitor, for appellee.

OPINION BY JUDGE MENCER, December 24, 1980:

William J. Foley (appellant) has appealed from an order of the Court of Common Pleas of Philadelphia County which affirmed the decision of the Civil Service Commission of the City of Philadelphia (Commission) dismissing appellant for conduct unbecoming a police officer.

The record indicates that, on July 31, 1976, appellant went on a group bus trip to New York sponsored by a local Philadelphia tavern, for the purpose of seeing a baseball game. By the time the bus arrived back in Philadelphia that evening, appellant, by his own admission, had consumed over 20 cans of beer. He then stopped at the Philadelphia tavern, where he was refused service because he appeared intoxicated. From there, appellant hitchhiked a ride towards his home. However, appellant rode past the street closest to his home and was let off in an area known to be frequented by homosexuals. He waited for the trolley for a few minutes and, when it didn't come, he walked around the area to sober up. Appellant testified that he then saw a young boy sitting alone on a wall and, knowing that homosexuals

gathered in the area, he attempted to chase the boy away by stating, "You look like for five dollars you look like [sic] you would be easy to pick up. Why don't you get out of here?" The 12-year-old boy ran away and reported to a nearby policeman that appellant offered him $5 for an act of oral sodomy. Soon after, the policeman arrested appellant.[1]

On August 26, 1976, appellant was dismissed by the police commissioner as a result of this incident. After a hearing on appeal, the Commission found that appellant was dismissed for "just cause," as required by the Philadelphia Home Rule Charter,[2] based upon the following findings of fact:

1. Appellant admitted that after returning from the New York trip, he hitched a ride with some boys and, although the car passed his home, he did not go home at that time but instead exited the vehicle in the vicinity of Frankford and Pratt, an area he characterized as a meeting place for homosexuals; and

2. Appellant admitted that he was so intoxicated upon returning from New York that he did not know exactly what it was he said to the Swenson boy at 8:45 p.m. on the night in question; and

3. Appellant admitted not only drinking excessively but that he took the time to notice the boy, walk over to him, speak to him and then leave the scene; and

4. When all of the testimony is examined carefully, appellant, although intoxicated, acted in a manner violative of departmental regulations. In speaking to Robert his conduct was

---

[1] Appellant was ultimately acquitted of the criminal charges arising from this incident.

[2] 351 Pa. Code §7.7-303.

inconsistent with that of a member of the Philadelphia Police Department.

Section 8(b) of the Local Agency Law[3] limits our scope of review in appeals from the Commission. We must affirm the adjudication unless appellant's constitutional rights were violated, an error of law was committed, the provisions of the Local Agency Law were violated in a proceeding before the agency, or the findings of fact are not supported by substantial evidence. *Civil Service Commission of Philadelphia v. Saladino,* 47 Pa. Commonwealth Ct. 249, 408 A.2d 178 (1979).

Therefore, the findings of fact of the Commission are conclusive upon appeal. The legal conclusions drawn by the Commission from its findings of fact, however, remain subject to judicial review. *See Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977); *See also Chambers v. Chambers,* 406 Pa. 50, 176 A.2d 673 (1962); *Estate of Thomas,* 463 Pa. 284, 344 A.2d 834 (1975). Whether the appellant was dismissed for "just cause" is a legal conclusion that must be supported by the findings of fact.

The Commission concluded that appellant was dismissed for just cause because he went to an area characterized as a meeting place for homosexuals and spoke to a young boy while intoxicated. We do not agree that these actions constitute just cause for dismissal, and the Commission did not find that appellant solicited the boy for an immoral act.

The most severe charge that could reasonably be lodged against appellant based on these findings is

---

[3] Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11308(b), repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429]. A similar provision is now found at 2 Pa. C. S. §754(b).

598

that of intoxication while off duty and out of uniform. However, the Disciplinary Code of the Police Board of Inquiry recommends a 5-day suspension as its maximum penalty for this violation.[4] Therefore, intoxication is not just cause for dismissal, and merely speaking to a boy in an area in which homosexuals gather is not a punishable offense.

The Commission conspicuously omitted any reference to the charge of solicitation for oral sodomy in its findings. This Court does not have the authority to infer findings not actually made by the Commission, in order to validate the Commission's conclusions of law. See Stortz v. No. 1 Contracting Corp., 36 Pa. Commonwealth Ct. 465, 387 A.2d 1350 (1978); Miller v. Unemployment Compensation Board of Review, 52 Pa. Commonwealth Ct. 151, 415 A.2d 454 (1980). We cannot assume that the Commission intended to find the boy's testimony credible and disbelieve appellant's testimony that no solicitation occurred.

Furthermore, the burden is on the municipality to establish that the charges proved were sufficient to warrant the discipline imposed. Soergel v. Board of Supervisors of Middlesex Township, 12 Pa. Commonwealth Ct. 311, 316 A.2d 89 (1974). In reviewing the record below, we cannot say that the charge of solicitation to commit an immoral act was proved or that dismissal was warranted.

Therefore, we reverse the decision of the lower court and remand to the Commission for the sole purpose of determining the proper penalty to be imposed upon appellant for intoxication while off duty

---

[4] The Preamble of the Disciplinary Code states that its recommendations are not binding on the police commissioner. Nevertheless, it has persuasive weight by illustrating that intoxication does not warrant the drastic measure of dismissal.

and out of uniform; after this suspension period has been completed, we order that appellant be reinstated with back pay, with deductions for moneys earned in other employment during the period of dismissal.

Reversed and case remanded.

### ORDER

AND Now, this 24th day of December, 1980, the order of the Court of Common Pleas of Philadelphia County, dated July 3, 1979, denying the appeal of William J. Foley and affirming the decision of the Civil Service Commission of the City of Philadelphia, is reversed and this case is remanded to the Civil Service Commission of the City of Philadelphia for the sole purpose of determining the proper penalty to be imposed upon William J. Foley for intoxication while off duty and out of uniform; after such suspension period has been completed, it is ordered that William J. Foley be reinstated as a policeman of the City of Philadelphia Police Department, with back pay, with deductions for moneys earned in other employment during the period of dismissal.