Andrea Tomlinson, by her parents and natural guardians, Leon G. Tomlinson and Helen Tomlinson v. Pleasant Valley School District.

Nancy Bird, by her parents and natural guardians, Samuel Bird and Nancy Bird v. Pleasant Valley School District.

Pleasant Valley School District, Appellant.

Argued June 6, 1984, before Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Daniel M. Corveleyn,* with him, *Mark S. Love, Mervine, Brown, Newman, Williams and Mishkin, P.C.,* for appellant.

*William H. Robinson, Jr., Hiscott & Robinson,* for appellee, Andrea Tomlinson.

*Jeffrey G. Velander, Rosenblum & Velander,* for appellee, Nancy Bird.

OPINION BY JUDGE BARRY, August 15, 1984:

The Pleasant Valley School District (appellant) appeals a decision of the Court of Common Pleas of Monroe County modifying an order of the Board of School Directors of the Pleasant Valley School District (Board).

On September 20, 1982, two ninth grade students, Andrea Tomlinson and Nancy Bird, were participating as cheerleaders at a junior varsity football game. While at the game, the two students were offered a drink from a Pepsi-Cola bottle by a student from a different school. Each girl took a sip and, after realizing that the soft drink was mixed with whiskey, they, nevertheless, each took a second sip. Their cheerleading coach was informed of this and promptly reported them to the proper authorities. As a result of this incident the students received an immediate 10 day suspension and, after a hearing was held before the

Board on September 30, 1982, the following order was issued:

It is the adjudication of the Board of Directors of the Pleasant Valley School District which hereby orders that Andrea Tomlinson and Nancy Bird be expelled as students in the Pleasant Valley School District until January 3, 1983, with the School District to provide each student with homebound instruction as arranged by the School Administrators pursuant to Pennsylvania Department of Education Requirements. It is further directed and ordered that Andrea Tomlinson and Nancy Bird attend ten (10) weekly counselling sessions under the direction of the local Mental Health/Mental Retardation Program either in Lehighton or Stroudsburg, and join in an intake counselling program under the direction of the Pleasant Valley School District in accordance with the Mental Health/Mental Retardation Program. It is further directed that Andrea Tomlinson and Nancy Bird be excluded from all school sponsored social functions including extracurricular and co-curricular activities for the 1982-83 school year.

The students appealed to the trial court, which heard the appeal de novo and issued an order modifying the decision of the Board by eliminating the expulsion provision and requesting that arrangements be made for the students to attend a counselling program within the school rather than attending sessions at the local Mental Health/Mental Retardation program in either Lehighton or Stroudsburg. This appeal followed.

Appellant argues that the trial court erred, as a matter of law, in modifying the Board's order because its scope of review was limited by Section 754(b) of

the Local Agency Law, 2 Pa. C. S. §754(b). That section reads as follows:

Complete record.—In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa. C. S. §706 (relating to disposition of appeals).

Although appellant readily admits that no formal record was made of the proceedings before the Board, it contends that the comprehensive adjudication made by the Board is essentially the equivalent of a complete and formal record. Appellant cites no authority in support of this argument and this Court will not accept the proposition that a mere summary of the proceedings included by the Board in its adjudication can be an adequate substitute for the required formal and complete record.

Since no record of the proceedings was made, this case is controlled by our decision in *McKeesport Area School District Board of Directors v. Collins,* 55 Pa. Commonwealth Ct. 548, 423 A.2d 1112 (1980) where we held that:

Since here there was no record of the Board's proceedings, the court was empowered to, and

did hold a hearing de novo. Section 754(a) of the Local Agency Law, 2 Pa. C. S. §754(a). The result is, of course, that discretion with respect to the penalty was then vested in the court and that discretion was as broad as the Board's. *Id.* at 550, 423 A.2d at 1113.

Furthermore, we find that the trial judge did not abuse his discretion by modifying the excessive penalty ordered by the Board. He carefully noted in his opinion that the girls were good students with no prior discipline problems and properly concluded that the punishment ordered by the Board far exceeded the nature of the offense.

Accordingly, we affirm.

ORDER

Now, August 15, 1984, the order of the Court of Common Pleas of Monroe County, Nos. 2346—1982 and 2351—1982, dated October 11, 1982, is hereby affirmed.