645 A.2d 361

**Lawrence L. KISH and Mildred I. Kish, on Behalf of their minor child, David KISH**

v.

**ANNVILLE–CLEONA SCHOOL DISTRICT and Board of School Directors of Annville– Cleona School District, Appellants.**

Commonwealth Court of Pennsylvania.

Argued April 11, 1994.

Decided June 23, 1994.

Robert W. Feeman, for appellants.

Gerald J. Brinser, for appellees.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

The Annville–Cleona School District (school district), by its board of directors, appeals a Lebanon County Court of Common Pleas order reversing the School District's decision to expel David Kish. The Pennsylvania School Boards Association participates in this appeal as *amicus curiae*.

David Kish was an eleventh grade student at Annville–Cleona High School in the 1992–1993 academic year. On December 23, 1992, Kish obtained keys to interior and exterior doors of the school and copied them. It was a violation of school district policy to have possession of these keys. On February 10, 1993, a school computer was stolen from the high

school. A month later, the stolen computer was recovered from the bedroom closet of another student.

Kish was suspended from school for three days for the unauthorized possession of the keys. He was shortly thereafter suspended for an additional seven days for possession of the school keys and the alleged theft of the school computer.

The school district board held a formal hearing and, after consideration of the evidence presented, voted to adopt the school district administration's recommendation to expel David Kish permanently.[1]

The evidence the school district board considered included the testimony of David Kish, his parents, the student from whose house the computer was recovered, other students, and the investigating officer for the township police.

David's testimony was that he was given the school keys temporarily by a teacher, that he did not return them immediately but had duplicates made, that he gave a key to the other student and that he did not steal the computer.

The other student testified that he also had a duplicate key, which he got from David, that David had driven by his work place the evening the computer was stolen, that David asked him to keep the computer, and that David transferred the computer from his car into the other student's car trunk.

The investigating officer, Officer Sutcliffe, testified that, on information he received that the stolen computer was in the other student's possession, he went to that student's home and found the computer in the student's bedroom closet. The student told Officer Sutcliffe that David Kish had delivered the computer to him and wanted him to keep it. The officer then took the other student to David Kish's house where, in the presence of David's parents, he confronted David with the other student's version of the events. Officer Sutcliffe testified that David denied having anything to do with the stolen computer. He also testified that David said he had found the school keys.

1. This summary of facts is taken from the trial court's opinion. Neither party disputes the basic facts as they are recited here.

David Kish's parents, on his behalf, appealed the decision to expel to the common pleas court, challenging it on the ground that the presence of the superintendent of schools, the head of the school administration seeking David Kish's permanent expulsion, was prejudicial to the board's deliberation. The Kishes also offered what they contended was after-discovered evidence establishing David Kish's credibility.

The court, on consideration of this challenge, vacated the school district's decision and remanded the matter to take additional testimony on the superintendent's participation as well as on the other evidence offered by the Kishes. Another hearing was held, after which the school district board arrived at the same decision.

The Kishes then appealed this decision to the common pleas court, which, without taking additional evidence, reversed the school district decision and ordered David Kish reinstated to school with full participation in all activities as a student of the district.

■ The school district now challenges the common pleas court's decision on three grounds, each based on that court's limited scope of review under the Local Agency Law.[2] The school district maintains that the court exceeded its scope of review when, without conducting *de novo* proceedings, it substituted its discretion for that of the school district. The court improperly engaged in the re-weighing of evidence and, in effect, substituted its credibility determinations for those of the school district board. Further, says the school district, the court exceeded its limited review powers by reducing the punishment imposed by the school district board though finding that David Kish had violated school regulation.

The starting point for our inquiry begins at Section 754(b) of the Local Agency Law.

**Complete record.** In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall

**2.** 2 Pa.C.S. §§ 551–555, 751–754.

affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedures of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa.C.S. § 706 (relating to disposition of appeals).

■ This Court has long held that, under this provision, a court on appeal may not substitute its judgment for that of a local school district, *Appeal of Marple Newton School District,* 27 Pa.Commonwealth Ct. 588, 367 A.2d 399 (1976), unless a record must be made before that court, in which case, in *de novo* proceedings, the court is empowered to make its own findings of fact and impose a new penalty. *Tomlinson v. Pleasant Valley School District,* 84 Pa.Commonwealth Ct. 518, 479 A.2d 1169 (1984). Otherwise, a court is bound to affirm the local agency adjudication unless there has been a violation of constitutional rights, an error of law, a violation of agency procedure, or a lack of substantial evidence to support key findings of fact. Only then is a trial court empowered to enter an order modifying the adjudication of the lower tribunal pursuant to 42 Pa.C.S. § 706.

Here, the trial court held that the following two findings of fact, which are crucial to a conclusion that David Kish stole the computer, were not supported by substantial evidence:

On February 10, 1993, between 6:30 and 7:00 p.m., David Kish came to the store where fellow student Erik Lynagh was working. At the time, David Kish had a computer in his possession which he told Erik Lynagh he had taken from Miss Eschenfelder's room at the High School. He told Eric Lynagh that he had used a master key to enter the classroom.

David Kish asked Erik Lynagh to keep the computer. David Kish put the computer in the trunk of Erik's car, and

Erik took it home and put it in his closet. He kept the computer in his bedroom closet at home until March 11, 1993, when a police officer came to his house to recover it.

The school district quarrels with the rationale the common pleas court employed to reach its conclusion that no evidence of substance supported these findings.

The court found that these findings were based on the "unsubstantiated testimony of the ultimate possessor of the stolen computer. That testimony is in direct conflict with evidence presented by [the Kishes] indicating the physical impossibility of David Kish perpetrating the theft at the time it was alleged to have occurred." *Kish v. Annville–Cleona School District,* (No. 93–00499, filed September 3, 1993) slip op. at 5–6. The court also noted the inconsistencies between the account given by the other student and the testimony of others.

The school district argues that the trial court, on reviewing the transcripts of the proceedings, actually assigned its own estimate of weight to be given to the respective testimony. It characterizes the trial court's decision as one based on an improper substitute of the court's credibility determination for that of its own.

While the school district board's determination does not contain express credibility findings, it is plain enough that it believed the other student's version of events, for in its "conclusions," the school district board made what is more properly characterized as the following finding of fact, which was necessarily based on as assessment of the credibility of the conflicting accounts:

> On February 10, 1993, without permission, David Kish used the duplicate keys to gain access to Room B–13 in the Annville–Cleona High School and removed from that room an Apple computer valued at One Thousand Two Hundred Dollars ($1,200.00). Later that evening he turned over possession of the computer to another student. . . .

We have carefully reviewed the record and understand the court's mistrust of the evidentiary support for this decision,

for the penalty is harsh and the evidence is uncommonly weak.[3] However, it is of no moment that, on this record, were we or the common pleas court the trier of fact, we might have made a credibility determination different than the school district board's. Credibility determinations are binding on appeal, *Foley v. Civil Service Commission of Philadelphia*, 55 Pa.Commonwealth Ct. 594, 423 A.2d 1351 (1980), and it is clear that the school district board chose to believe the other student's version of events over that of David Kish. Consequently, the common pleas court may only look to the evidence relied upon by the factfinder, to see if it is sufficiently substantial to support the findings.

Substantial evidence has been described as "more than a mere scintilla" of evidence and that which a reasonable mind might accept as adequate to support a conclusion. *Bey v. Board of Education, School District of Philadelphia*, 87 Pa.Commonwealth Ct. 571, 488 A.2d 89 (1985).

The record contains some testimony corroborating both versions of what transpired but in the end turns essentially on one student's word against that of another. While the evidence would fall far short of the "clear and convincing evidence" standard, and would fail to constitute even a preponderance of evidence to our mind, we cannot say that the evidence the school district board accepted—the testimony of the student in whose possession the computer was found—is insubstantial. Therefore, we conclude the common pleas court erred in this regard.

3. In addition to the weaknesses observed by the common pleas court, we note that the school district board accepted the testimony of the student who was caught red-handed with the computer in his possession. Moreover, though Officer Sutcliffe testified he made contemporaneous notes of his investigation, and was cross-examined about conflicting accounts the other student had given him while he was investigating the incident, the officer did not have those notes with him at the hearing. Officer Sutcliffe testified at the hearing that, due to the pendency of his investigation, he was unable "to release any other information" he had, independent of the other student's statements, linking David to the computer. There was also testimony from a third student directly conflicting with the other student's testimony.

The Kishes argue nonetheless that the trial court may employ its discretion to reduce the penalty imposed pursuant to its power under 42 Pa.C.S. § 706 to modify adjudications of lower tribunals. However, in the case relied on, *McKeesport Area School District Board of Directors v. Collins*, 55 Pa.Commonwealth Ct. 548, 423 A.2d 1112 (1980), we reviewed the common pleas court's order modifying a school district sanction after *de novo* review. Only in that instance, or as the court acknowledged here, when the adjudication does not meet one of the four criteria established by section 754(b) of the Local Agency Law, may the court modify a local agency adjudication.

*Amicus curiae* Pennsylvania School Boards Associations has suggested that, if we arrive at the conclusion stated herein, we must "send the message" to common pleas courts that "a strict standard of review . . . will be enforced." *Amicus* perceives this message to be necessary because, to it, "[t]his case serves as a typical example of how local officials are often frustrated by actions of the judiciary," and "such a trend should not be allowed to get started." *Amicus* asks (rhetorically, we believe) "how public schools [can] be expected to instill discipline and order if courts . . . constantly second guess the local school board?"[4]

We decline to honor the request of *amicus* because our function is neither to send messages nor to influence trends, but to decide cases. Judicial resources are wasted when attention is diverted by indulgence in polemic. We therefore do no more than reverse the order of the common pleas court.

## ORDER

AND NOW, this 23rd of June, 1994, the order of the Lebanon County Court of Common Pleas, dated September 3, 1993, at No. 93–00499, is hereby reversed.

SMITH, J., concurs in the result only.

---

**4.** Apart from echoing the propositions of law espoused by the appellant relating to a court's limited scope of review in these cases, amicus' brief adds little but this type of invective.