City of Philadelphia, Appellant, *v.* George W. Collins, Appellee.

Argued April 4, 1974, before Judges KRAMER, WIL-
KINSON, JR. and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy City Solicitor,
with him *Nicholas Panarella, Jr.,* Assistant City Solici-
tor, *James M. Penny, Jr.,* Assistant City Solicitor, *John
Mattioni,* Deputy City Solicitor, and *Martin Weinberg,*
City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and
*Bashman, Wertheimer, Kane, Manfredi & Byrne,* for
appellee.

OPINION BY JUDGE BLATT, May 29, 1974:

On January 4, 1971, George W. Collins (claimant),
a police officer for the City of Philadelphia (City) since
1951, was on duty at Philadelphia International Air-
port when he slipped on a patch of ice, fell, and injured
his lower back.[1]  Since that time he has been on active

---

[1] This was the third accident the claimant had suffered since
becoming a policeman.  While on duty on May 6, 1966, the car in

duty for only two full days and on limited duty for approximately six months.

The claimant sought disability benefits pursuant to Regulation 32 of the City Civil Service Commission (Commission), which were denied following administrative review by the police department. He then appealed to the Commission, which found that his disability related to a preexisting spinal condition, which was not brought about as a result of the January 4, 1971 accident, and, therefore, it denied benefits. On appeal to the Court of Common Pleas of Philadelphia County, the case was remanded to the Commission for a reevaluation of certain medical reports. The City has now appealed to this Court.

We have recently considered the application of Regulation 32 and the procedures involved thereunder in *City of Philadelphia v. Hays*, 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974). As we pointed out there, appeals from the Commission are taken to the lower court pursuant to the Local Agency Law, Act of Dec. 2, 1968, P.L. 1133, 53 P.S. §11301 et seq. On appeals therefrom to this Court, when, as here, the lower court has not held a hearing de novo, we hold that our scope of review is limited to a determination of whether or not (1) the constitutional rights of the appellant were violated by the Commission or (2) if the Commission manifestly abused its discretion or committed an error of law, and (3) the findings of fact made by the Commission are supported by substantial evidence. We also held that in considering claims brought pursuant to Regulation 32, the procedures to be followed are those set forth in the said regulation, in the City Home Rule Charter, and in the Local Agency Law, and, as to substantive

which he was traveling was struck by another vehicle and he injured his back. On April 23, 1968, while off duty, he was involved in a vehicle collision and injured his neck, back and left knee.

questions, we approved the use of appropriate precedents under the Pennsylvania Workmen's Compensation Act[2] relating to similar issues arising under Regulation 32.

Since there is no doubt that the claimant suffered an accident and that an injury resulted therefrom, the essential question before the Commission was whether the claimant's disability was a result of such accident and injury or if it occurred independently therefrom and was thus not service-connected.

The medical evidence which must be referred to in determining the cause of the claimant's disability in this case was and is extremely limited, as has also been true in the other cases before us at this time arising under Regulation 32. Such as it was, however, the medical evidence here consisted of the following: a report of Dr. Robert Glazer on June 21, 1971, some six months after the accident, stating that he found "cervical spondylosis C5-6, C7 with bilateral foramental narrowing. Lumbar spine—slight narrowing of L5-51 disc." His impression of the claimant's status was "1. Chronic low back strain. 2. Cervical spondylosis with radiculitis—probably unrelated to injury in January 71." Dr. A. A. Bockman, of the City Employees Compensation Services, in a report dated July 7, 1971, noted that the claimant's symptoms were initially directed at his lower back on the basis of the injury of January 4, 1971, but that more recently he had complaints referable to his neck and cervical spine as well. In a disability record filed August 20, 1971, Dr. John M. Lawlor of the Municipal Medical Dispensary adopted, without comment, Dr. Glazer's second diagnosis noted above, without referring at all to the first diagnosis of a low back strain. Lastly, a letter dated September 23, 1971 from Dr. Raymond O. Stein,

[2] Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq.

the claimant's own physician, stated: "There is definite discogenic damage between C-5 and C-6, C-6 and C-7; there is evidence by narrowing of the corresponding interspaces and hypertrophic changes around these areas. There is, also, a definite narrowing of the L-5 S-1 interspace in the lumbosacral spine." And further: "As a result of the accident in 1971, the patient has apparently aggravataed a discogenic problem of the lumbosacral spine. . . . [There] also, are discogenic changes in the cervical spine, but the neck was apparently not injured in the accident." Dr. Stein went on to note that it might be possible to control the problem of the claimant's lumbosacral spine by using a lumbosacral support, but whether or not this would help was uncertain at the time.

In his own testimony, the claimant stated that he had "[t]errific pains along the lower back, along both sides and the back of my neck." He stated that his lower back bothered him more than anything else, and that he could "live with" the neck problem.

The record thus indicates that the claimant was suffering from problems both with his lower back and with his servical spine and neck, and that the latter were apparently not causally related to the accident on Janauary 4, 1971. The questions before the Commission therefore involved the causal connection between the lower back problem and the January 4, 1971 accident, and the extent to which the lower back condition contributed to the claimant's disability. A finding that the accident served to aggravate a previous condition, of course, or that the lower back problem was only disabling when viewed in conjunction with the cervical spine problem or that these two conditions were each independently disabling would not in itself serve to disqualify the claimant from the receipt of benefits.

The Commission, however, did not deal as fully as it should have with the issue of the claimant's lower back problem, or, at least, it clearly failed to indicate in its adjudication that it had done so. It found that the claimant's disability related to his cervical spine,[3] apparently because Dr. Stein suggested that the claimant might possibly be able to work by use of a lumbosacral support. Its adjudication does not make clear, however, what evidence is relied on to support a finding that the cervical spine condition is in fact disabling. It is true that the Commission is the judge of credibility, but there would appear to have been a disregard here, perhaps even a capricious disregard, of material evidence. For example, there is no mention of Dr. Glazer's finding of a low back strain, of the claimant's testimony that his most troublesome condition was in his lower back or of Dr. Stein's suggested treatment of the cervical spine problems which could be followed until the symptoms subsided (although emphasis was placed by the Commission on Dr. Stein's suggested use of lumbosacral support for the lower back problem).

The lower court, of course, remanded this case to the Commission for a reevaluation of the reports of Dr. Glazer and Dr. Stein. And, as we noted in *City of Philadelphia v. Murphy*, 13 Pa. Commonwealth Ct. 630, 320 A.2d 411 (1974), an order by the lower court remanding a case to the Commission is an interlocutory order and in most cases an appeal therefrom would be premature. Here there are no special circumstances such as there were in *Murphy, supra,* which would justify our present consideration of the remand, and, indeed, we have already noted reasons which might well justify the lower court's order. Of course, this issue can be raised by the City in later proceedings.

---

[3] The lower court was in error in stating that the Commission found this condition not to be disabling.

As to other issues raised by the parties, we have considered them in *Hays, supra,* and we adopt our holdings therein.

For the above reasons, therefore, we affirm the order of the court below and remand the record to the Commission for further proceedings consistent with this opinion.