Richard B. Tucker, Jr. et al., Appellants *v.* Zoning Board of Adjustment of the City of Pittsburgh and Leslie D. Berrent, Appellees.

Argued October 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Richard B. Tucker, III, Tucker, Arensberg, Very & Ferguson,* for appellants.

*Samuel B. Roth,* with him *D. R. Pellegrini,* for appellees.

Opinion by Judge Mencer, November 25, 1981:

Richard B. Tucker, Jr., and other persons have appealed from an order of the Court of Common Pleas of Allegheny County which affirmed the grant of a dimensional zoning variance by the Zoning Board of Adjustment of the City of Pittsburgh (Board) to Leslie and Barbara Berrent (owners). We reverse.

The owners' property is located in a residential zoning district in the 14th Ward of the City of Pittsburgh at the corner of Aylesboro Avenue and Murdock Street. The property contains two structures. The first is a 2½-story single-family dwelling which faces onto Aylesboro Avenue. The second structure is a two-story carriage house which faces onto an alley which intersects Murdock Street. The record indicates that the second story of the carriage house was last tenanted in 1949 by a chauffeur who worked for the occupants of the 2½-story dwelling. The first story is used as a garage.

The owners have applied for a dimensional variance so that they may enlarge the carriage house and turn it into a single-family residence. The planned addition will not comply with applicable front, rear, and side yard requirements or lot restrictions. The owners have also filed a subdivision plan which is not involved in this appeal.

At the time of this application, Section 2903, subsection 2A, of the Zoning Ordinance of the City of Pittsburgh provided that the Board could grant a variance from the provisions of the ordinance

> where strict application would result in practical difficulty or unnecessary hardship that would deprive the owner of the reasonable use of the land or *structures* involved, but in no other case. No *variance* in the strict application

of any provisions of this ordinance shall be granted by the *Board* unless it finds:

(1) that there are special circumstances or conditions, fully described in the findings of the *Board,* applying to the land or *structure* for which the *variance* is sought, which circumstances or conditions:

(a) are peculiar to such land or *structure* and do not apply generally to land or *structures* in the neighborhood, and have not resulted from any act of the appellant or his predecessors in title subsequent to the adoption of this ordinance, whether in violation of the provisions hereof or not,

(b) are such that strict application of the provisions of this ordinance would deprive the appellant of the reasonable use of such land or *structure.*

(2) that the *variance* to be granted by the *Board* is:

(a) for a use permitted in the district,

(b) one that will require the least modification of the prescribed regulation, and

(c) the minimum *variance* that will accomplish this purpose, and

(3) that the granting of the *variance* will:

(a) be in harmony with the general purposes and intent of this ordinance (see Section 106),

(b) be in accordance with the general or specific rules herein contained, and

(c) be not injurious to the neighborhood or otherwise detrimental to the welfare of the people at large. (Emphasis in original.)[1]

---

[1] Effective May 29, 1979, this section was renumbered as Section 909.05 with minor textual revisions. Words which are emphasized in the text are specifically defined elsewhere in the ordinance.

The court below stated in its opinion:

The irregular size of this lot, abutting on two major thoroughfares in a fashionable residential area of Pittsburgh, makes the existing structure very *desirable* for use as residences. Testimony indicates that the structures were originally used as a main house with a carriage house for servants, and that the *original purpose* is no longer feasible.

*Tucker v. Zoning Board of Adjustment of the City of Pittsburgh,* P.L.J. , (No. SA 1345 of 1979, filed January 9, 1981), slip op. at 4 (emphasis added).

The court incorrectly concluded that these two factors justified the grant of dimensional variances. The requirements for a variance set forth in Section 2903, subsection 2A, do not hinge upon the *desirability* of a given use nor upon the feasibility of the *original purpose* of a structure. Rather, the sole question is whether the land or structure is capable of being used in a reasonable manner which is consistent with the applicable zoning provisions. If not, then an undue hardship exists which the Board has the power to remedy by granting a variance.

In the present case, the Board found only that the proposed enlargement "will not be detrimental to adjacent or abutting properties and that it would be an undue hardship on [the owners] to be denied same." This finding was inadequate to meet the requirements of Section 2903, subsection 2A, because it did not fully describe any special circumstances which would warrant the grant of a variance.

Normally, the absence of necessary findings of fact in a local agency adjudication would require a remand. *City of Philadelphia v. Collins,* 13 Pa. Commonwealth Ct. 643, 320 A.2d 421 (1974).[2] A remand is not re-

---

[2] Decided pursuant to the Local Agency Law, Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §§11301-11311, repealed by Sec-

quired in the present case, however, because the record below is totally devoid of evidence upon which the Board could base findings necessary for the grant of dimensional variances to the owners.

The only claim of undue hardship raised by the owners was that the carriage house could not reasonably be used as servants' quarters because most people no longer have live-in servants. The record indicates, however, that the carriage house reasonably could be used as a garage. Finally, the owners have introduced no evidence that the property in its entirety is incapable of being used as a single-family residence —the use for which it is presently zoned. Indeed, the owners are presently using the property for that very purpose. Therefore, based upon the entire record, the Board could not find special circumstances and conditions peculiar to the land or structure which deprive the owners of the reasonable use of their land. Section 2903, subsection 2A(1). *See Alfano v. Zoning Hearing Board of Marple Township,* 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974) (decided under a similar ordinance). Since the court below did not take additional evidence, it is also incapable of making such findings. *See Goodman v. Board of Commissioners, Township of South Whitehall,* 49 Pa. Commonwealth Ct. 35, 411 A.2d 838 (1980).

Moreover, even if the economic hardship posed by the existence of an anachronistic structure *were* sufficient to warrant the grant of a variance, the owners did not present evidence that the requested variances represent the least possible modification of the applicable dimensional requirements of the ordinance. *See Ottaviano v. Zoning Board of Adjustment of Philadel-*

tion 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429]. The Local Agency Law was substantially reenacted by the Act of April 28, 1978, P.L. 202, and is currently found at 2 Pa. C. S. §§551-555, 751-754.

*phia,* 31 Pa. Commonwealth Ct. 366, 376 A.2d 286 (1977) (decided under a similar provision of the Philadelphia Code). As a result, neither the Board nor the lower court could make the findings required by Section 2903, subsection 2A(2).

Order reversed.

ORDER

AND Now, this 25th day of November, 1981, the order of the Court of Common Pleas of Allegheny County, dated January 9, 1981, which affirmed the grant of dimensional zoning variances to Leslie and Barbara Berrent by the Zoning Board of Adjustment of the City of Pittsburgh is hereby reversed.