Gary L. Frey and Victoria L. Frey, his wife, and Nancy Frey *v.* Zoning Board of Adjustment of the City of Pittsburgh. City of Pittsburgh, Appellant.

Argued March 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

Kathryn E. Hanna Katsafanas, Assistant City Solicitor, with her D. R. Pellegrini, City Solicitor, for appellant.

Chris J. Balouris, Brennan, Robins & Daley, for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 18, 1983:

The City of Pittsburgh appeals an Allegheny County Common Pleas Court order granting a variance. We reverse and remand.

Gary and Victoria Frey's application for a variance to maintain a parking pad on their residential property was denied for failure to meet certain setback requirements. Pittsburgh's Zoning Board of Adjustment (Board), in denying the variance, failed to make findings of fact in support of the denial. On appeal, the court below made its own factual findings based on the Board record, citing Section 1010 of the Municipalities Planning Code (MPC) as authority for doing so,[1] and granted the variance.

---

[1] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §11010. Section 1010 provides, in pertinent part, as follows:

If the record does not include findings of fact, . . . the court may make its own findings of fact based on the record below. . . .

We agree with the City that the common pleas court erred. By making factual findings, the court exceeded its scope of review. Section 1010 of the MPC does not apply to appeals of decisions by the City of Pittsburgh Zoning Board of Adjustment. *See North Point Breeze Coalition v. City of Pittsburgh*, 60 Pa. Commonwealth Ct. 298, 303-04, 431 A.2d 398, 400-01 (1981); *King Productions, Inc. v. Board of Adjustment of the City of Pittsburgh*, 27 Pa. Commonwealth Ct. 256, 258 n. 1, 367 A.2d 322, 323 n. 1 (1976). Under Section 754(b) of the Local Agency Law,[2] which applies here,[3] a common pleas court may not make its own findings of fact when it has not taken additional evidence.[4] *See Ramondo v. Zoning Hearing Board of Haverford Township*, 61 Pa. Commonwealth Ct. 242, 434 A.2d 204 (1981); *Foley v. Civil Service Commission of the City of Philadelphia*, 55 Pa. Commonwealth Ct. 594, 423 A.2d 1351 (1980). If a local agency, in this case the Board, has made inadequate factual findings, the reviewing court normally can and should remand the matter to the agency to obtain the essential factual determinations. *See Tucker v. Zoning Board of Adjustment of the City of*

---

[2] 2 Pa. C. S. §754(b).

[3] Pittsburgh zoning appeals were formerly governed by Section 7 of the Act of March 31, 1927, P.L. 98, *as amended*, 53 P.S. §25057. That section's provisions relating to zoning appeals were, however, repealed by the Act of April 28, 1978, P.L. 202, No. 53, §2(a) [1083], effective June 27, 1979. No statutory procedure specific to Pittsburgh zoning appeals presently exists. Thus, the Local Agency Law, enacted to provide the procedure for appeals of local agency adjudications where no procedure otherwise exists, *Boehm v. Board of Education of School District of Pittsburgh*, 30 Pa. Commonwealth Ct. 468, 373 A.2d 1372 (1977), must be deemed to apply. *North Point Breeze Coalition v. City of Pittsburgh*, 60 Pa. Commonwealth Ct. at 304, 431 A.2d at 400-01.

[4] Only when a full and complete record of the proceedings before the City of Pittsburgh Zoning Board of Adjustment *was not made* may a common pleas court hold a hearing *de novo* and take additional evidence. 2 Pa. C. S. §754(a), (b).

*Pittsburgh,* 62 Pa. Commonwealth Ct. 615, 437 A.2d 499 (1981).

Reversed and remanded.

## ORDER

The Allegheny County Common Pleas Court order in SA 213 of 1982, dated May 27, 1982, is hereby reversed and this matter is remanded with instructions to remand to the City of Pittsburgh Zoning Board of Adjustment for further proceedings not inconsistent with this Opinion.