505 A.2d 1084

Brighton Enterprises, Inc., Appellant *v.* City of Philadelphia and Zoning Board of Adjustment, Appellees.

Argued February 3, 1986, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Norman A. Oshtry,* for appellant.

*Joy J. Bernstein,* Assistant City Solicitor, for appellees.

OPINION BY JUDGE CRAIG, March 5, 1986:

Brighton Enterprises, Inc. appeals from an order of the Court of Common Pleas of Philadelphia County which affirmed the Zoning Board of Adjustment of the City of Philadelphia, denying Brighton's request for a variance. We reverse and remand.

On March 4, 1981, city council amended the Philadelphia Zoning Code to include amusement arcades as a regulated use.[1] On January 19, 1984, Brighton, a

---

[1] Section 14-1605(3)(a)-(h) of The Philadelphia Zoning Code (code) provides:

The following uses are designated as regulated uses:

    (a)   Adult book stores;
    (b)   Adult mini-motion picture theatre;
    (c)   Adult motion picture theatre;
    (d)   Cabaret;

lessee of a lot at 120 South 13th Street located in a C-5 Commercial Zone, applied to the Department of Licenses and Inspections for a permit to use its property for a "shoemaker-jewelry shop and repairs, sandwich shop, adult movie theatre, adult bookstore, adult peepshow, coin-operated vending (24), health spa and 21 pinball machines."[2] The department denied the use permit because the twenty-one pinball machines were a regulated use not permitted in a C-5 Commercial Zone.[3]

Brighton appealed the department's denial to the board on the ground that between fifteen and twenty-one pinball machines had been used continuously on the property before the ordinance was enacted, and

(e)   Massage businesses as regulated by §§9-610 and 9-611 of The Philadelphia Code;
(f)   Drug paraphernalia stores;
(g)   Amusement arcades;
(h)   Pool rooms.
Section 14-1605(2)(h) of the code defines an amusement arcade as, "[a]n establishment which offers to patrons four or more mechanical or electrical amusement devices or games such as pinball machines. . . ."

[2] Section 14-1605(4)(d) of the code provides:
(4) *Prohibited Conduct.* No regulated use shall be permitted: . . .
(d)   Within any Commercial Zoned District, except for 'C-6' Commercial in which Regulated Uses shall be permitted, unless a Zoning Board of Adjustment certificate is obtained in accordance with the provisions of Chapter 14-1800; provided, however, wherever a Regulated Use is otherwise prohibited in any Commercial Zoned District under this Title, a Zoning Board of Adjustment variance shall be required in accordance with the provisions of Chapter 14-1800.

[3] Section 14-1605(3)(a) of the code provides:
(4) *Prohibited Conduct.* No regulated use shall be permitted:
(a)   Within one thousand (1,000) feet of any other existing regulated use. . . .

therefore the use was a legal nonconforming use.[4] The board, after hearing, affirmed the decision of the department. The board decision contained no finding on the nonconforming use issue [5] After Brighton appealed to the court of common pleas, the court found that Brighton failed to prove the existence of a nonconforming use and affirmed the board. This appeal followed.

Brighton argues that the trial court exceeded its scope of review because without receiving additional evidence, it made a finding of fact not made by the board. We agree.

The Local Agency Law, 2 Pa. C. S. §754(a) and (b), governs our scope of review in appeals of adjudications of Philadelphia agencies to the court of common pleas. *Foley v. Civil Service Commission of the City of Philadelphia*, 55 Pa. Commonwealth Ct. 594, 423 A.2d 1351 (1980). Because the Local Agency Law applies here, we are bound by our decision in *Frey v. Zoning Board of Adjustment of the City of Philadelphia*, 74 Pa. Commonwealth Ct. 360, 459 A.2d 917 (1983), where we held:

> Under Section 754(b) of the Local Agency Law, which applies here, a common pleas court may not make its own findings of fact when it has not taken additional evidence. See Ramondo v. Zoning Hearing Board of Haverford Township, 61 Pa. Commonwealth Ct. 242, 434 A.2d 204 (1981); Foley v. Civil Service Commission

---

[4] Brighton leased the property in 1973 and renewed its lease in 1978.

[5] Section 14-1605(6) of the code provides:

Should any of the regulated uses listed in (3)(a) through (f) above cease or discontinue operation for a period of ninety or more consecutive days, it may not resume, nor be replaced by any other "regulated use" unless it complies with all the requirements set forth in §14-1605(4) and (5) above.

of the City of Philadelphia, 55 Pa. Commonwealth Ct. 594, 423 A.2d 1351 (1980). If a local agency, in this case the Board, has made inadequate factual findings, the reviewing court normally can and should remand the matter to the agency to obtain the essential factual determinations. See Tucker v. Zoning Board of Adjustment of the City of Pittsburgh, 62 Pa. Commonwealth Ct. 615, 437 A.2d 499 (1981).

74 Pa. Commonwealth Ct. at 362, 459 A.2d at 918-19.

Because the trial court exceeded its scope of review, we reverse the order of the trial court, and remand this case for the trial court to return it to the Zoning Board of Adjustment of the City of Philadelphia.

For guidance upon remand, we note that the issue is *not* whether there has been an *abandonment* of the nonconforming use, which the objectors have the burden to prove, *Sullivan v. Zoning Board of Adjustment*, 83 Pa. Commonwealth Ct. 228, 478 A.2d 912 (1984), but whether the *existence* of the nonconforming use has been established, a matter which the applicant, Brighton, has the burden to prove. *Glenn Little v. Zoning Hearing Board of Abington Township*, 24 Pa. Commonwealth Ct. 490, 357 A.2d 266 (1976). An abandonment issue *could* follow, but only if there is a basis for finding that a legal nonconforming use existed in the first place.

## ORDER

Now, March 5, 1986, we reverse the order of the Court of Common Pleas of Philadelphia County at No. 3620, dated February 4, 1985, and remand this case to the trial court with a direction that the record be returned to the Zoning Board of Adjustment of the City of Philadelphia for the necessary finding(s).

Jurisdiction relinquished.