# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Appeal of the Board of     :
Commissioners of Upper Gwynedd   :
Township from the Decision Dated   :
November 22, 2016 of the Zoning    :
Hearing Board of Upper Gwynedd   :
Township                            :
                                      :  No. 502 C.D. 2018
Appeal of:  Provco Pinegood      :  Argued: March 12, 2019
Sumneytown, LLC             :

BEFORE:  HONORABLE ROBERT SIMPSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                **FILED: April 3, 2019**

Provco Pinegood Sumneytown, LLC (Provco) appeals an order of the Court of Common Pleas of Montgomery County (trial court) that remanded to the Zoning Hearing Board of Upper Gwynedd Township (ZHB) for a hearing to determine whether Provco's proposed gasoline service station is entitled to special exception approval under the Upper Gwynedd Township Zoning Ordinance (zoning ordinance). Upon review, we quash Provco's appeal from the trial court's interlocutory remand order.

## I. Background

In July 2016, Provco filed an application with the ZHB, seeking zoning relief for three contiguous tracts of land located at 708 Sumneytown Pike and 1610 West Point Pike, which lie in Upper Gwynedd Township's (Township) C Commercial zoning district (property). Provco is the equitable owner of the

property. Provco proposes to construct a 5,585-square-foot Wawa convenience store with accessory gasoline sales at 8 fuel dispensing facilities (16 individual fueling stations), a canopy, 56 parking spaces, and accessory signage.

Provco initially requested a determination that its proposed uses were permitted by right pursuant to Sections 195-3 and 195-22A(7) of the zoning ordinance. Alternatively, it requested a special exception to permit the gasoline sales operation and variances for accessory signage.

The ZHB held hearings in September and October 2016. At the first hearing, Provco orally amended its zoning application to withdraw its requested alternative relief for a special exception to permit the gasoline sales operation.

On November 22, 2016, the ZHB issued a decision approving Provco's application for the proposed convenience store as a principal use with an accessory gasoline sales operation, as well as accessory signage. The ZHB's decision stated, in relevant part:

> The following zoning relief is GRANTED:
>
> 1. An interpretation that the proposed canopy over the proposed motor vehicle fueling stations is an accessory building and that the proposed motor vehicle fuel sales is an accessory use to a permitted by right principal convenience store retail use pursuant to Article II, [S]ection 195-3 regarding 'Definitions - Accessory Building and Accessory Use' and Article V, [S]ections 195-22A(1) and (7) of the [zoning ordinance]. Thus both are permitted.

2

Reproduced Record (R.R.) at 414a. Thereafter, two separate land use appeals were filed from the ZHB's decision, one by the Township on December 14, 2016, and, one by Merck Sharpe & Dohme Corp. (Merck) on December 22, 2016.

In January 2017, Merck filed a petition to intervene in the Township's land use appeal, in which the Township joined and filed a motion to consolidate the two land use appeals. Provco filed an answer, which opposed the Township's motion to consolidate. In May 2017, the trial court granted the Township's motion to consolidate the two land use appeals, stating, "the above-captioned matters are consolidated for all purposes …." R.R. at 752a.

Prior to the trial court's order granting consolidation, Provco filed two separate motions to quash with the trial court, one in response to the Township's land use appeal, and one in response to Merck's land use appeal, with the only common assertion being that the appeals were filed prematurely. The trial court granted Provco's motion to quash Merck's land use appeal, but it denied Provco's motion to quash the Township's land use appeal. Merck appealed to this Court challenging the trial court's order quashing its land use appeal.

Thereafter, the Township filed a praecipe for argument related to its land use appeal. Provco also filed an application to quash Merck's appeal to this Court as interlocutory. Based on Merck's appeal to this Court, the trial court stayed the consolidated proceedings until further order.

In July 2017, a single judge of this Court heard argument on Provco's application to quash Merck's appeal. During argument, Provco offered to stipulate to Merck's status as a party so as to allow Merck's appeal to proceed. Shortly thereafter, the parties stipulated that the trial court's order quashing Merck's appeal was vacated, and based on that stipulation, this Court remanded to the trial court. The appeal to this Court was discontinued. The parties also stipulated that Provco preserved the right to oppose Merck's land use appeal on the basis that it was prematurely filed before the ZHB issued its written findings of fact and conclusions of law.

In September 2017, the parties entered into a second stipulation in which they agreed to lift the stay on the consolidated land use appeals filed by the Township and Merck. The parties filed briefs, and the trial court heard argument on the consolidated land use appeals; however, the trial court did not receive additional evidence. In its brief to the trial court in opposition to the consolidated land use appeals, Provco raised several issues regarding the merits of those appeals. Additionally, it argued the trial court should dismiss the consolidated land use appeals on procedural grounds, asserting

> both the Township and Merck Appeals were premature. The 30-day appeal period from the ZHB's [w]ritten [d]ecision expired on February 8, 2017. Because the Township failed to file a timely appeal and the appeal period has expired, this Honorable Court lacks jurisdiction over the Consolidated Appeal[s] and [they] should be dismissed.

R.R. at 900a.

4

Thereafter, the trial court issued an order regarding the consolidated land use appeals (which is the order at issue in this appeal), which stated, in pertinent part: "The matter is **REMANDED** to the ZHB for the purpose of taking additional testimony at a public hearing in order to determine, pursuant to the [zoning ordinance], whether Provco's application for the gasoline sales operation will be authorized as a special exception." Tr. Ct. Order, 3/27/18, at 5 (footnote omitted). In its opinion, the trial court expressed several concerns, including differing proof standards for "Retail Sales" (permitted by right) and "Gasoline Service Station" (permitted by special exception), and uncertainty about which proposed use would be the principal use, and which the accessory use. Tr. Ct., Slip Op., 3/27/18, at 3-4.

The trial court's order also stated: "The Motion to Dismiss filed by [Provco] is **DENIED**." Tr. Ct. Order, 3/27/18, at 5 (emphasis added). The trial court noted that the ZHB's decision clearly stated that there was a time period of 30 days to appeal the ZHB's decision from the date of the mailing on November 22, 2016. As a result, the trial court determined, the Township's appeal, filed on December 14, 2016, was valid. Consequently, the trial court stated, the Township was not required to file yet another appeal after the ZHB issued a more detailed decision on January 9, 2017. Provco appealed the trial court's remand order to this Court. The trial court directed Provco to file a concise statement of the errors complained of on appeal pursuant to Pa. R.A.P. 1925, which it did.

The trial court subsequently issued an opinion pursuant to Pa. R.A.P. 1925(a) in which it noted that Provco raised 17 issues. Nevertheless, the trial court opined the order Provco appealed, through which the trial court remanded to the

5

ZHB for additional hearings, was interlocutory; therefore, this Court should quash Provco's appeal. In so doing, the trial court relied on several cases from this Court, which hold common pleas court orders remanding matters to local agencies for additional hearings are generally interlocutory, as well as its analysis of Pennsylvania Rules of Appellate Procedure 311, 312, 313, and 341, which pertain to interlocutory, collateral, and final orders, respectively.

Shortly after Provco's appeal to this Court, this Court issued an order, which stated that, because the trial court remanded this matter to the ZHB to determine whether the zoning ordinance permits Provco's application for a gasoline sales operation by special exception, it appeared the trial court's order was not a final order subject to appeal. See Pa. R.A.P. 341. As such, this Court directed the parties to address the appealability of the trial court's remand order in their principal briefs. See Pa. R.A.P. 311, 313, 341. This matter is now before us for disposition.

## II. Discussion
### A. Contentions

On appeal, Provco raises several issues. It first argues the trial court's March 2018 order was a final order that was appealable as of right because it disposed of all claims and all parties. Provco asserts it withdrew its request for special exception approval prior to commencement of the hearing before the ZHB, a fact specifically acknowledged by the trial court in its March 2018 order. Thus, Provco contends, it was improper for the trial court to remand for Provco to essentially submit a new application seeking relief it already withdrew. Provco maintains "the March 2018 order otherwise disposed of all issues before the ZHB

6

and before the [trial] [c]ourt on appeal." Appellant's Br. at 17. The ZHB joins Provco's argument on this issue.

For its part, the Township Board of Commissioners (Commissioners) argues that the trial court's March 2018 order is appealable because it decided issues that would ultimately evade appellate review at a later date. The Commissioners acknowledge that, in general, where a court remands a land use matter to a municipal body with a directive to conduct additional hearings and make a new decision, such an order is interlocutory and unappealable.

However, the Commissioners assert, when a court order remands to a municipal board and, in doing so, makes a determination on issues that would not be re-reviewed by a court on any subsequent appeal from a new decision, such an order is immediately appealable. Schultheis v. Bd. of Supervisors of U. Bern Twp., Berks Cty., 727 A.2d 145 (Pa. Cmwlth. 1999); see Vanvoorhis v. Shrewsbury Twp., 176 A.3d 429 (Pa. Cmwlth. 2017). Essentially, the Commissioners contend, any issues that would evade appellate review on a subsequent appeal of a new municipal decision after remand are appealable pursuant to Pa. R.A.P. 311(f).

Here, the Commissioners maintain, the trial court's order determined: (1) Provco presented insufficient evidence to support a determination that the sale of gasoline would be an accessory use; and (2) special exception approval was necessary for both the principal or accessory sale of gasoline. Similar to Schultheis, the Commissioners argue, if the consolidated land use appeals are remanded to the ZHB for a special exception hearing, the only appealable issues after remand will be

those relating to the new decision on whether Provco satisfied the Township's special exception criteria and not on whether a special exception was required in the first place. Therefore, the Commissioners assert, the determinations in the trial court's March 2018 order are immediately appealable by right pursuant to Pa. R.A.P. 311(f), because the issue of whether a special exception was required would otherwise evade judicial review.

Merck responds that because the trial court's March 2018 order remanded to the ZHB for additional evidence, it was not a final order and, as such, it is interlocutory and not properly before this Court.

### B. Analysis

Pursuant to Section 762(a) of the Judicial Code, 42 Pa. C.S. §762(a), this Court's jurisdiction to hear appeals from decisions of common pleas courts is limited to final orders, unless otherwise permitted by statute or rule. Pennsylvania Rule of Appellate Procedure 341(b), which defines a final order, provides:

> **(b) Definition of Final Order.**--A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) RESCINDED
>
> (3) is entered as a final order pursuant to paragraph (c) of this rule [(permitting entry of a final order as to less than all of the claims or parties upon the express determination by a court or governmental unit that an immediate appeal would facilitate resolution of the entire case)].

Pa. R.A.P. 341(b).

8

Where a ZHB makes inadequate factual findings, the trial court should remand to the ZHB to obtain the essential factual determinations. Brighton Enters., Inc. v. City of Philadelphia, 505 A.2d 1084 (Pa. Cmwlth. 1986). "We have repeatedly held that a court order remanding a matter to an administrative agency for additional hearings is interlocutory and is not a final order from which an appeal may be taken." Domagalski v. Szilli, 812 A.2d 747 (Pa. Cmwlth. 2002) (citing Kramer v. Zoning Hearing Bd. of U. Saucon Twp., 641 A.2d 685 (Pa. Cmwlth. 1994); Roth v. Borough of Verona, 519 A.2d 537 (Pa. Cmwlth. 1986); Phila. Comm'n on Human Relations v. Gold, 503 A.2d 1120 (Pa. Cmwlth. 1986)).

The trial court here remanded to the ZHB for it to hear additional evidence in order to determine whether Provco's proposed gasoline sales operation is authorized as a special exception under the zoning ordinance. Tr. Ct. Order, 3/27/18, at 5. Ultimately, this determination will depend on whether the proposed 16 pumping stations qualify as accessory to the by-right convenience store, and, if not, whether the gasoline sales operation satisfies the more extensive requirements of a special exception. As such, the order did not end the litigation or dispose of the entire case. Domagalski. Moreover, the trial court's order is not expressly defined as final by statute. Therefore, the order is interlocutory and not final within the meaning of Pa. R.A.P. 341(b).

Nevertheless, Provco argues that the trial court's order is, in fact, a final order within the meaning of Pa. R.A.P. 341(b) because, before the ZHB, Provco withdrew its request for a special exception and instead only sought an interpretation and determination that its proposed gas station use was permitted by right as an

9

accessory use under the zoning ordinance (as well as variances from the zoning ordinance's sign regulations). Because the trial court essentially ruled on these issues and remanded for further hearings on a theory of relief Provco previously withdrew, it contends, the trial court's order disposed of all claims presented to the ZHB.

Regardless of whether Provco withdrew its special exception request before the ZHB, the trial court reviewed the zoning ordinance, and it determined that a gasoline service station use, such as that proposed by Provco, is permitted only by special exception in the commercial district in which the property lies. Tr. Ct., Slip Op., 3/27/18, at 2. Because it was unclear which proposed use was the principal use, and which was accessory, and the ZHB did not receive evidence or make findings as to whether Provco satisfied the applicable special exception criteria, the trial court remanded for hearings. Provco's withdrawal of its special exception request cannot obviate the need for a determination as to whether it needs and is entitled to special exception relief for its proposed gas station use where the zoning ordinance only permits such uses by special exception in the commercial district in which the property lies. See Section 195-22(8)(c) of the zoning ordinance. Nor can Provco constrain the trial court's ability to obtain a record sufficient for reasonable decision-making.

Moreover, we reject the Commissioners' argument that the trial court's remand order is appealable under Pa. R.A.P. 311(f)(2) and our decision in Schultheis. In particular, the Commissioners assert, if this matter is remanded to the ZHB for a special exception hearing, the only appealable issues after a remand would

10

be those relating to the review and new decision on whether Provco satisfied the Township's special exception criteria and not whether a special exception was required in the first place. We disagree.

The trial court's order is not appealable under appellate Rule 311(f)(2), which provides for appeals as of right from an interlocutory order where the order remands a matter to an administrative agency and that matter would ultimately evade appellate review if immediate appeal were not permitted. In Domagalski, after a ZHB granted a property owner a variance, the objectors appealed. The common pleas court, without ruling on the merits of the appeal, twice remanded to the ZHB, once for the ZHB to clarify its decision and once for the ZHB to conduct a further hearing. This Court determined the trial court's order was not appealable under Rule 311(f)(2). In so doing, we explained, because the common pleas court did not decide the merits of the appeal before remanding to the ZHB, there was no issue capable of evading our review. If the objectors were aggrieved, this Court explained, they could question the propriety of the remand order in a later appeal.

In reaching our determination, we distinguished Schultheis. In that case, we permitted the appeal of an interlocutory order because the court of common pleas decided the merits of the case, by allowing a landowner an opportunity to correct defects in his preliminary plan rather than upholding the local governing body's denial of the plan, before it remanded to the ZHB. The common pleas court determined the defects in the preliminary plan were minor, warranting amendment rather than outright denial. A divided panel of this Court held the issues raised would evade appellate review if we were to deny immediate appeal. We stated, after the

11

landowner was provided an opportunity to revise his plan and the local governing body reviewed it on remand, the only appealable issues would be those relating to the local governing body's review of the landowner's *revised* preliminary plan. Thus, the issue of whether the landowner's preliminary plan *as submitted* to the local governing body was complete would evade review.

Here, the trial court's order remanded to the ZHB without ruling on the merits of the consolidated land use appeals filed by the Township and Merck. Thus, as in Domagalski, there is no issue capable of evading our review. If aggrieved, Provco may on later appeal question the propriety of the trial court's remand order, including the issue of whether Provco's proposed gas station use requires special exception approval or is permitted by right. Domagalski. As such, Pa. R.A.P. 311(f)(2) does not apply. Id.[1]

Further, no party asserts the trial court's remand order is appealable under Pa. R.A.P. 311(f)(1) (remand for matter that does not require exercise of discretion), 312 (interlocutory appeals by permission), or 313 (collateral orders).

---

[1] Although not raised in its brief to this Court, at oral argument, Provco referenced its motion to dismiss premised on its assertion that the land use appeals from the ZHB's decision to the trial court were premature. Provco argued that, if not addressed now, this issue would ultimately evade appellate review. Provco waived this issue by failing to raise it in its brief to this Court. Commonwealth v. Walter, 985 A.2d 915 (Pa. 2009) (where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived). This is especially true here in light of this Court's prior order directing the parties to address the appealability of the trial court's remand order in their principal briefs. Cmwlth. Ct. Order, 4/23/18.

In any event, even if not waived, Provco's argument lacks merit. In its remand order, the trial court *expressly denied Provco's motion to dismiss* the consolidated land use appeals. Tr. Ct. Order, 3/27/18, at 5. The propriety of the trial court's ruling on Provco's motion to dismiss can be addressed in the future if there is an appealable order.

12

For these reasons, we quash Provco's appeal from the trial court's interlocutory remand order.[2]

_____

ROBERT SIMPSON, Judge

[2] As to the merits, Provco argues the trial court erred in: (1) denying Provco's motions to quash the land use appeals of the Township and Merck as untimely because the appeals were filed before the ZHB issued its written findings and conclusions and were never supplemented; (2) reversing the ZHB's determination that the proposed gasoline sales use is a permitted by-right accessory structure to the proposed by-right principal convenience store use; (3) reversing the ZHB's interpretation of the zoning ordinance that the special exception criteria for a "gasoline service station" are not applicable to the proposed gasoline sales use; (4) failing to find that the Township is barred by collateral estoppel from re-litigating the ZHB's determination in another decision (referred to as the Hartford Properties decision) that gasoline sales are a permitted by-right accessory use and a canopy is a permitted by-right accessory structure to a principal convenience store use in the commercial district; (5) not finding that the Township violated Provco's equal protection rights when it appealed the ZHB's decision but did not appeal the same legal determination that gasoline sales are a by-right accessory use to a by-right convenience store use in the commercial district made by the ZHB in the Hartford Properties decision; and (6) failing to find the ZHB was bound by *stare decisis* to follow its legal interpretation of the zoning ordinance in the Hartford Properties decision.

Based on our determination that the trial court's order is not a final, appealable order, we cannot address these issues here. As explained above, if aggrieved by an appealable order, Provco may raise these issues in a later appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of the Board of  :
Commissioners of Upper Gwynedd :
Township from the Decision Dated :
November 22, 2016 of the Zoning  :
Hearing Board of Upper Gwynedd :
Township        :
          : No. 502 C.D. 2018

Appeal of: Provco Pinegood  :
Sumneytown, LLC     :

# **O R D E R**

  **AND NOW**, this 3rd day of April, 2019, Petitioner Provco Pinegood Sumneytown, LLC's appeal is **QUASHED**.


       _____
       ROBERT SIMPSON, Judge