IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Liberty Ave Devco, LLC          :
                                              :
                 v.                   : No. 1537 C.D. 2023
                                              : Argued:  October 8, 2024
City of Pittsburgh Zoning    :
Board of Adjustment and     :
City of Pittsburgh,          :
                                              :
                       Appellants    :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                       FILED:  December 18, 2024

City of Pittsburgh Zoning Board of Adjustment (ZBA) and City of Pittsburgh (together, the City), appeal from the order of the Court of Common Pleas of Allegheny County (trial court), which reversed the ZBA's deemed denial[1] of the

---

[1] Section 922.07.C of the Zoning Code of the City of Pittsburgh, Pennsylvania (Code), provides, in relevant part:

> The [ZBA] shall hold a public hearing on the Special Exception application.  After the public hearing, the [ZBA] shall act to approve, approve with conditions, approve in part, deny or deny in part the application, within forty-five (45) days of the [ZBA] hearing.  Where the [ZBA] fails to render its decision within the period required by this subsection, . . . the decision shall be deemed to have been rendered in denial of the applicant unless the applicant has agreed in writing or on the record to an extension of time.  When a decision has been rendered in denial of the applicant because of the failure of the [ZBA] to meet or render a decision as hereinabove provided, the Zoning Administrator shall give public notice of said

**(Footnote continued on next page…)**

Application for Special Exception (Application) of Liberty Ave Delco, LLC, a subsidiary of Wolfgate Devco, LLC (Wolfgate), to install a new electronic advertising sign at 2767 Liberty Avenue, Pittsburgh (Property), located in the Advertising Sign Overlay (AS-O) District of the City's Urban Industrial (UI) Zoning District.  We vacate and remand.

On August 24, 2022, Timothy Earle, on behalf of Wolfgate, submitted the Application to the City seeking approval for the Sign in the AS-O District of the City's UI Zoning District.  *See* Reproduced Record (RR) at 18a-20a.[2]  Section 919.02.C.3 of the Code permits new "Electronic Advertising Signs" by special exception in the AS-O District.

On January 19, 2023, the ZBA conducted a public hearing on the Application.  The ZBA took judicial notice of the relevant zoning districts, including

---

> decision within ten (10) days, according to the provisions of Sec[tion] 922.07.B. . . .
>
> The [ZBA's] action shall be based on stated findings of fact.  The conditions imposed on uses classified as Special Exceptions shall be construed as limitations on the power of the [ZBA] to act.  A mere finding that a use complies with those conditions or a recitation of those conditions, unaccompanied by specific findings of fact, shall not be considered findings of fact for the purpose of complying with this Code.  Before acting on an application, the [ZBA] shall consider the general review criteria of Sec[tion] 922.07.D.

[2] Pa.R.A.P. 2173 states: "Except as provided in Rule 2174 (tables of contents and citations), the pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures and not in Roman numerals: thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc."  Although the pagination of the City's Reproduced Record does not conform to the foregoing Rule, we will cite to the relevant pages as required by the Rule.

the abutting Riverfront (RIV) Special Purpose District.[3]   In support of the Application, Wolfgate introduced the testimony of Earle, Andrew Schwartz, AIPC, President of Environmental Planning and Design, and Joshua Haydo, P.E., a traffic engineer with David E. Wooster and Associates, demonstrating that the plans meet the objective requirements of the Code.  In opposition, David Demko, Assistant Director of Scenic Pittsburgh, an Internal Revenue Service Section 501(c)(3) non-profit, testified that the Sign would be contrary to the character of the neighborhood, create a distraction to passing traffic, and be detrimental to the future development and property values in the neighborhood.  *See* RR at 378a-82a.  Following Demko's testimony, and Wolfgate's submission of proposed findings of fact and conclusions of law, the record in the matter was closed.  *See id.* at 313a, 387a.

On March 6, 2023, the ZBA issued an Interim Directive, which states, in relevant part:

> To aid the [ZBA] in its conduct of a full and meaning[ful] review of all of the special exception criteria, the [ZBA] would prefer to consider some input regarding the proposed sign from the community organization[, Neighbors in the Strip,] and to consider information as to how the sign could be modified to mitigate its impacts on the surrounding community and in the context of the heavily trafficked Liberty Avenue.

> **Interim Directive:**

> The [ZBA] asks [Wolfgate] to provide the following additional evidence:

---

[3] Code Section 902.01.A.3(d) establishes the following Riverfront Special Purpose Districts in the City:  (1) RIV-IMU, Riverfront Industrial Mixed Use; (2) RIV-MU, Riverfront Mixed Use; (3) RIV-NS, Riverfront North Shore; and (4) RIV-RM, Riverfront Mixed Residential.

- Information regarding [Wolfgate's] communications with [Strip District Neighbors] about the proposed sign and any response from that organization; and

- Information as to how the proposed sign could be modified to mitigate its impacts on the surrounding area.

RR at 314a. Per Code Section 922.07.C, the ZBA asked Wolfgate to agree in writing to an extension of time to issue its decision. *See id.*

Wolfgate agreed to an extension until April 24, 2023. On April 10, 2023, Wolfgate submitted a letter responding to the Interim Directive, noting that it was simultaneously seeking to install a dimensionally identical sign in the AS-O District at 2912 East Carson Street (the sign at issue in *Ecarson Pitt Devco, LLC v. City of Pittsburgh Zoning Board of Adjustment* (Pa. Cmwlth., No. 1538 C.D. 2023, filed December 18, 2024)), and that it had met with the Southside Community Council (SSCC), which is a "Registered Community Organization" (RCO) under Code Section 178E[4] with respect to that other sign. Regarding the sign herein,

_____

[4] Code Section 178E.04 provides, in pertinent part, that the City's "Department of City Planning shall register an organization as an RCO if it finds that the organization meets the requirements of Section 178E.03 and 178E.04." In turn, Code Section 178E.08(a) states: "The City shall develop a Neighborhood Planning Manual which outlines policies and procedures to formally adopt/recognize Neighborhood Plans developed by [RCOs]." To that end, Code Section 178E.08(c) provides, in relevant part:

> The Department of City Planning shall require an applicant to coordinate with the applicable RCO to schedule a time, date and place of a public meeting to discuss the applicant's proposal. That meeting, in which the applicant must participate, must take place at least thirty (30) days prior to the first public hearing. The applicant shall then notify the Department of City Planning and neighborhood planner of the time, date and place of the public meeting. If there are two or more RCO[s] whose registered boundaries include the applicant's property, the Department of City Planning shall

**(Footnote continued on next page…)**

Wolfgate explained "that it did not reach out to the Strip District Neighbors before the January 19, 2023 [ZBA hearing] because it is not an RCO, and the application [herein] was for a special exception." RR at 317a. Specifically, Wolfgate explicated:

> Because special exceptions are not listed [as the type of development requiring a development activity meeting with an RCO under Code Section 178E.08(c)], Wolfgate interpreted this as legislative intent that City Council did not deem this as a type of project that necessitated prior community outreach beyond the required public posting and notification requirements.

*Id.* at 318a.

Nevertheless, Wolfgate met with Strip District Neighbors and agreed to the following conditions, which are the same for the proposed Carson Street sign: (1) the owner of the Sign shall submit an annual report to the City certifying that the Sign complies with the Code's motion, dwell time, and brightness requirements; (2) the Sign will not operate between midnight and 5:00 a.m.; and (3) Wolfgate will install light mitigation features. RR at 318a. However, Wolfgate did not agree, in writing, to grant the ZBA a further extension of time under Code Section 922.07.C. *See id.* at 316a-19a.

As a result, on May 4, 2023, the ZBA issued notices that the Application was deemed denied as of April 25, 2023. *See id.* at 330a-50a. That

---

schedule a time, date and place of a public meeting to discuss the applicant's proposal with the applicable RCO[s]. That meeting, in which the applicant must participate, must take place at least thirty (30) days prior to the first public hearing. A meeting shall be required between an applicant and the applicable [RCO(s)] for any development activity that requires a public hearing and where such projects involve the following [enumerated types of development.

same day, Wolfgate filed a notice of appeal in the trial court from the ZBA's deemed denied decision. *See id.* at 11a-13a.[5]

On May 24, 2023, the ZBA filed a Return of the record in the trial court, and filed a Supplemental Return on June 1, 2023. On June 30, 2023, Wolfgate filed a Motion to Strike Portions of the Return (Motion) to exclude evidence that was not submitted to the ZBA during the January 19, 2023 ZBA hearing. *See* RR at 390a-403a.[6] On July 18, 2023, following argument, the trial court granted the Motion, *see id.* at 404a-05a, and directed the parties to file briefs in support of their respective positions.

Ultimately, on November 28, 2023, the trial court issued Findings of Fact, Conclusions of Law, and an order reversing the Board's deemed denial and granting Wolfgate's Application. *See* RR at 449a-59a. The City then filed the instant appeal of the trial court's order.

On appeal, the City first claims that the trial court erred and violated the Local Agency Law, 2 Pa. C.S. §§551-555, 751-754, in reversing the ZBA's deemed denial of the Application. We agree.

This Court has summarized the proper fact-finding roles of the ZBA and the trial court under the Local Agency Law, as follows:

---

[5] The City subsequently intervened in Wolfgate's appeal.

[6] On January 19, 2023, following the hearing, Demko emailed the ZBA with 8 attachments that included more than 225 pages of articles and studies that were never introduced before the record was closed by the ZBA at the hearing. *See* RR at 81a-310a. On April 25, 2023, following the deemed denial, Pamela Austin, President of Strip District Neighbors, sent a letter with attachments to the ZBA in opposition to the Application. *See id.* at 73a-77a. On April 26, 2023, City Councilman Bobby Wilson sent a letter to the ZBA opposing the Application. *See id.* at 79a. Finally, on April 27, 2023, Katie Reed, Principal Development Review Planner for the City's Department of Mobility and Infrastructure, sent a letter to the ZBA also opposing the Application. *See id.* at 78a. The ZBA included all of the foregoing as part of the Return filed in the trial court, which Wolfgate sought to exclude through the Motion.

The dispositions of zoning appeals in Philadelphia are governed by Section 754 of the Local Agency Law, 2 Pa. C.S. §754.[7] *Mulberry Market, Inc. v. City of Philadelphia, Board of License & Inspection Review*, 735 A.2d 761 (Pa. Cmwlth. 1999). Pursuant to Section 754(b), the court must affirm the decision of the local agency when it has developed a complete record, as here, unless the court determines that necessary findings of fact are not supported by substantial evidence, that constitutional rights were violated, that an error of law was committed or that the procedures followed before the agency were contrary to statute. *Public Advocate v. Philadelphia Gas Commission*, [674 A.2d 1056 (Pa. 1996)]. Under Section 754(a), when a full and complete record is not made before the local agency, the court may hear the appeal *de novo* or remand to the agency to make a full and complete record or further disposition in accordance with the court's order.

---

[7] Section 754(a) and (b) of the Local Agency Law states, in relevant part:

(a) Incomplete record.--In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal *de novo*, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

(b) Complete record.--In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.

2 Pa. C.S. §754(a) and (b). As this Court has explained: "[T]he record before the local agency is full and complete, if 'there is a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal, and also, that the appellate court is given a sufficient record upon which to rule on questions presented.'" *Sparacino v. Zoning Board of Adjustment*, 728 A.2d 445, 447 n.4 (Pa. Cmwlth. 1999) (citation omitted).

In another case also governed by Section 754, *Frey v. Zoning Board of Adjustment of City of Pittsburgh*, [459 A.2d 917 (Pa. Cmwlth. 1983)], this Court held that the trial court had exceeded its scope of review by making its own factual findings based on the [ZBA's] record. In that case, like the instant case, the [ZBA] had failed to make findings of fact to support its decision. The Court explained that the proper procedure was instead to remand the matter [] to the [ZBA] to obtain the essential factual determinations and that only when the zoning board fails to make a full and complete record may the trial court conduct a hearing to take additional evidence and make its own findings of fact. ***Nowhere in Section 754 is the reviewing court given general authority to make its own findings of fact and conclusions of law when the local agency has developed a full and complete record but omitted making its findings of fact and conclusions of law***. *See also Brighton Enterprises, Inc. v. City of Philadelphia*, [505 A.2d 1084 (Pa. Cmwlth. 1986)] (holding that a trial court exceeded its scope of review by making a finding of fact not made by the zoning board without receiving additional evidence).

While the Court empathizes with the trial court's desire to promptly dispose of this matter, the court simply does not have the authority to do so without first receiving findings of fact and conclusions of law from the [ZBA]. This holding is particularly warranted where, as here, the record contains voluminous documentary evidence and multiple witnesses and extensive testimony, some of which was presented by expert witnesses. Accordingly, the Court vacates the trial court's order, and it remands this matter to the trial court with directions to remand to the [ZBA] to produce findings of fact and conclusions of law by a date to be set by the court. If the [ZBA] fails to produce findings of fact and conclusions of law the trial court shall take such action as is necessary to enforce its remand order.

*Society Created to Reduce Urban Blight v. Zoning Board of Adjustment*, 804 A.2d 147, 150-51 (Pa. Cmwlth. 2002) (*SCRUB*) (emphasis added and footnote omitted).[8]

Likewise, in this case, the trial court erred in making its own findings of fact and conclusions of law based upon the complete record sent to that court in the Return and Supplemental Return. Indeed, as the trial court explained in its November 29, 2023 Findings of Fact and Conclusions of Law (FOF/COL 11/29/23):

> A court reviewing a deemed decision from a zoning application must apply a *de novo* standard of review. An appeal from a deemed approval is an appeal on the merits. *Ulsh v. Zoning Hearing Board*, 22 A.3d 244, 252 (Pa. Cmwlth. 2011). The trial court is obligated to review the merits of the application and issue its own findings of fact and conclusions of law. *Id.* Th[is c]ourt's Findings of Fact and Conclusions of Law are set forth below.

FOF/COL 11/29/23 at 3.

---

[8] In a similar circumstance, we stated:

> We note that the trial court engaged in a thorough analysis of this matter on appeal. The trial court set forth the general case law and examined the record, including testimony, and laid out the facts or circumstances justifying findings of (1) unique hardship, (2) no detriment to the public, and (3) minimum variance required for relief. However, the trial court was not sitting as a finder of fact when it did so. Therefore, while it appears that the trial court put much effort into the matter, the [z]oning [b]oard, nevertheless, failed to perform its function as fact finder, thereby preventing the trial court and this Court from performing effective **appellate** review.

*Manayunk Neighborhood Council, Inc. v. City of Philadelphia Zoning Board of Adjustment* (Pa. Cmwlth., No. 2094 C.D. 2009, filed June 30, 2020), slip op. at 15 (emphasis in original); *see also* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

However, the trial court's reliance on *Ulsh* is patently misplaced as that case was decided under the provisions of Section 908 of the Pennsylvania Municipalities Planning Code (MPC),[9] and not the Local Agency Law. *See Ulsh*, 22 A.3d at 252; *see also Nernberg v. City of Pittsburgh*, 620 A.2d 692, 694 n.5 (Pa. Cmwlth. 1993) ("As a city of the second class, Pittsburgh is not subject to the [MPC,] which applies to all municipalities in Pennsylvania other than cities of the first class

---

[9] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908. In relevant part, Section 908(9) of the MPC provides:

> (9) The board . . . shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board . . . . Where the application is contested or denied, each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor. . . . If the hearing is conducted by a hearing officer and there has been no stipulation that his decision or findings are final, the board shall make his report and recommendations available to the parties within 45 days and the parties shall be entitled to make written representations thereon to the board prior to final decision or entry of findings, and the board's decision shall be entered no later than 30 days after the report of the hearing officer. . . . [W]here the board fails to render the decision within the period required by this subsection . . . , the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time. When a decision has been rendered in favor of the applicant because of the failure of the board to . . . render a decision as hereinabove provided, the board shall give public notice of said decision within ten days from the last day it could have met to render a decision in the same manner as provided in subsection (1) of this [S]ection. If the board shall fail to provide such notice, the applicant may do so. Nothing in this subsection shall prejudice the right of any party opposing the application to appeal the decision to a court of competent jurisdiction.

53 P.S. §10908(9).

10

(Philadelphia) and of the second class (Pittsburgh) and counties of the second class (Allegheny County).").

As outlined above, the trial court herein exceeded its scope of review of the ZBA's decision under the Local Agency Law by making its own findings of fact and conclusions of law based on the complete record that was created before the ZBA and submitted to the trial court in the Return and Supplemental Return.[10] Under Section 754 of the Local Agency Law, *SCRUB*, and *Frey*, the trial court's order is vacated, and the matter is remanded to that court for further remand matter to the ZBA to make the necessary findings of fact and conclusions of law.[11]

Accordingly, the trial court's order is vacated, and the matter is remanded to that court for further remand to the ZBA for proceedings consistent with the foregoing opinion.

_____
MICHAEL H. WOJCIK, Judge

---

[10] As this Court has observed:

> Section 754 of the Local Agency Law (Law), 2 Pa. C.S. §754, governs the court's disposition of an appeal from the local agency. Under Section 754(b) of the Law, the court must affirm the local agency's decision where a complete record was developed before the local agency, unless it determines that constitutional rights were violated, that an error of law was committed, that the procedure before the agency was contrary to statute, or that necessary findings of fact are not supported by substantial evidence.

*Sparacino*, 728 A.2d at 447 (citation omitted).

[11] Based on the disposition of this claim, it is not necessary to address the other claims on the merits that are raised in this appeal.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Liberty Ave Devco, LLC         :
                                     :
          v.                : No. 1537 C.D. 2023
                                     :
City of Pittsburgh Zoning    :
Board of Adjustment and     :
City of Pittsburgh,          :
                                     :
               Appellants   :

# **O R D E R**

AND NOW, this 18th day of December, 2024, the order of the Allegheny County Court of Common Pleas dated November 29, 2023, is VACATED, and the above-captioned matter is remanded to that court for further remand to the City of Pittsburgh Zoning Board of Adjustment for proceedings consistent with the foregoing memorandum opinion.

Jurisdiction is relinquished.

_____
MICHAEL H. WOJCIK, Judge